WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Walter L Cleveland, Jr., | No. CV-15-00400-TUC-BPV |
| Plaintiff, | **ORDER** |
| v. | |
| County of Cochise, et al., | |
| Defendant. | |

On September 3, 2015, Plaintiff Walter Cleveland, who is proceeding *pro se* and *in forma* pauperis, filed this action alleging civil rights violations and state tort claims. Following a bench trial, judgment was entered in favor of Defendants on all but one claim (Docs. 32, 33), and Plaintiff has filed a Notice of Appeal (Doc. 39; *see also* Doc. 40). Pending before the Court is Plaintiff's request for a copy of the trial transcript.[1] (Doc. 38).

A litigant who has been granted *in forma pauperis* status may move to have transcripts produced at government expense. *See* 28 U.S.C. § 753(f); *McKinney v. Anderson,* 924 F.2d 1500, 1511-12 (9th Cir. 1991), *vacated and remanded on other*

---

[1] Plaintiff does not specifically identify the transcript requested. Plaintiff's Notice of Appeal states that he appeals "(from the final judgment) (from an order (describing it)) entered in this action on the 12th day of September, 2016." (Doc. 39). Based upon Plaintiff's Notice of Appeal, the court construes the instant motion as requesting a transcript of the trial resulting in the Court's September 12, 2016 Findings of Fact and Conclusions of Law, and Judgment.

1  *grounds sub nom., Helling v. McKinney,* 509 U.S. 25, 113 (1991), *reinstated,* 959 F.2d 853 (9th Cir. 1992); *see also* 28 U.S.C. § 1915(c).

"Production of the transcript at government expense for an appellant in forma pauperis in a civil case is proper under 28 U.S.C. § 753 if a trial judge certifies that the appeal is not frivolous and presents a substantial question." *McKinney,* 924 F.2d at 1511 (citing 28 U.S.C. § 753(f)); *see also Henderson v. United States,* 734 F.2d 483, 484 (9th Cir. 1984) (the court cannot enter an order directing production of a transcript at government expense under §753(f) unless the appeal presents a "substantial issue"). Here, neither Plaintiff's Notice of Appeal nor his Request for Transcript provide any description, explanation or other discussion of the issues Plaintiff raises on appeal. Because the Court is unable to determine the basis on which Plaintiff seeks to overturn the judgment, the Court is unable to certify that the appeal is not frivolous and presents a substantial question. *See McKinney,* 924 F.2d at 1512 (affirming district court's denial of motion for transcript at government expense where the movant "merely stated conclusorily in his motion that the trial court erred in granting defendants' motion for a directed verdict but failed to point to specific errors made by the magistrate in entering the directed verdict.").

Accordingly,

IT IS ORDERED that Petitioner's Request for Transcript (doc. 38) is DENIED.

Dated this 7th day of November, 2016.

_____
Bernardo P. Velasco
United States Magistrate Judge